UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENNETH JOHN DANIELS,           Civil No. 11-333 (PJS/JJG)

    Plaintiff,

v.                               **REPORT AND RECOMMENDATION**

LARRY TEBRAKE,

    Defendant.

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined those submissions, and found that Plaintiff's complaint failed to state an actionable claim for relief. The Court also found that Plaintiff's IFP application was defective, because it was not signed. Plaintiff was informed that his IFP application would not be granted "at this time," and he was given an opportunity to file an amended complaint and a signed IFP application. (Order dated February 22, 2011; [Docket No. 4].) Plaintiff was advised that if he did not file both an amended complaint, and a signed IFP application by March 25, 2011, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). (Id.)

The deadline for complying with the prior order in this case has now passed, and Plaintiff has not satisfied the requirements of that order. Although Plaintiff

filed an amended IFP application that bears his signature, (Docket No. 5), he still has not filed an amended complaint.  Furthermore, Plaintiff has offered no explanation for his failure to file a new complaint as ordered.

The prior order in this matter clearly required Plaintiff to file not only a signed IFP application, but also an amended complaint.  Because Plaintiff has not filed an amended complaint, he has not complied with the order.  Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed because of Plaintiff's failure to comply with the prior order, the Court will further recommend that Plaintiff's pending collateral motions – i.e., his IFP applications, [Docket Nos. 2 and 5], and his motions for a temporary restraining order, [Docket Nos. 3 and 6] – be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Plaintiff's applications to proceed in forma pauperis, (Docket Nos. 2 and 5), be **DENIED**;

2.   Plaintiff's motions for a temporary restraining order, (Docket Nos. 3 and 6), be **DENIED**; and

3.   This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:   April 5, 2011            　　s/ *Jeanne J. Graham*
　　　　　　　　　　　　　　　　JEANNE J. GRAHAM
　　　　　　　　　　　　　　　　United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 20, 2011**. A party may respond to the objections within ten (10) days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.